■ FRONTIER LINEN SUPPLY, INC., Respondent, v BUFFALO MOTEL CORP., Also Known as HOLIDAY INN-BUFFALO MOTEL CORP., Also Known as HOLIDAY INN-NO. 2 RESTAURANT, Appellant. — Order unanimously reversed, on the law, without costs, and defendant's motion granted, in accordance with the following memorandum: Plaintiff, which was under corporate reorganization in bankruptcy, commenced this breach of contract action by service of summons and verified complaint on August 31, 1983 on defendant's managing agent. On September 22, 1983, defendant noticed a motion returnable on November 21, 1983 to dismiss the complaint on the ground that Bankruptcy Court had exclusive jurisdiction (CPLR 3211 [a] [2]). On plaintiff's application, a default judgment was entered on October 5, 1983. Defendant moved to vacate the default judgment on the grounds that (1) the State court lacked subject matter jurisdiction under the Bankruptcy Code (CPLR 5015 [a] [4]), and (2) that its failure timely to respond to the complaint was a result of excusable neglect (CPLR 5015 [a] [1]), because its managing agent mistakenly advised its attorneys that the complaint had been served on September 2, 1983. Special Term denied defendant's motion and found that excusable delay was not "supported by paperwork, mainly on the basis that the affidavit that is submitted is that of counsel and not that of the party" who made the mistake regarding the date of service.

Here, the attorney had personal knowledge as to the reason why no response to the complaint was served until September 22. His affidavit concerning the conversation he had with defendant's managing agent is offered to show the agent's statement and the attorney's understanding of that statement and it is not offered to prove the date of service. The attorney's affidavit explaining the reasons why the response was two days late was

sufficient to demonstrate the claim of excusable default, which arose solely from an isolated, inadvertent mistake. Defendant also submitted an affidavit of merit and a proposed answer. Defendant presented a reasonable excuse for the two-day delay in appearing and Special Term erred in denying its motion for relief under CPLR 5015 (a) (1) (*see generally,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.05). Defendant is granted 20 days after service upon it of a copy of the order entered herein, with notice of entry, in which to answer or otherwise move to dismiss the complaint under CPLR 3211 or seek removal of the action to Federal District Court as it may be advised.

In view of this determination we need not decide the other issues raised by defendant or plaintiff's motion to strike certain issues raised in defendant's brief. (Appeal from order of Supreme Court, Erie County, Cook, J. — vacate default.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp.